UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ALVIN GREEN                                                                CIVIL ACTION

VERSUS                                                                     NUMBER: 14-0350

MIKE ORILLION, WARDEN                                                      SECTION: "B"(5)

## REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. §636(b) and Local Rule 73.2(A), presently before the Court is the 28 U.S.C. §2254 application for federal habeas corpus relief of Petitioner, Alvin Green ("Green"). (Rec. docs. 1, 9). Also before the Court is the State's response. (Rec. doc. 26). Having determined that an evidentiary hearing is not necessary, it is recommended, for the reasons that follow, that Green's application be **dismissed without prejudice**.

Green is a state prisoner who is presently housed at the West Baton Rouge Transitional Work Program in Port Allen, Louisiana. The above-captioned matter had its inception on December 18, 2013 when Green, who was then incarcerated at the Avoyelles Correctional Center in Cottonport, Louisiana, tendered to the Clerk of the United States District Court for the Western District of Louisiana correspondence that was addressed to the unidentified head of the Louisiana Judiciary Commission. (Rec. doc. 1). In that missive, Green complained of the handling of his trial in the Criminal District Court for the Parish of Orleans which culminated in his January 20, 2010 conviction for possession of cocaine and his resulting 15-year sentence. (*Id.*). *See also State v. Green*, 69 So.3d 695 (La. App. 4th Cir. 2011), *writ denied*, 78 So.3d 140 (La. 2012)  The Western District construed Green's correspondence as a *habeas* petition under §2254 and on February 10, 2014, transferred the matter here, as Green's conviction emanated from a Parish within this District. (Rec.

doc. 3).  Because Green's filings in the Western District failed to comply with the requirements of Rules 2 and 3(a) of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), he was provided and was ordered to complete and return the proper forms prescribed for that purpose by a date certain.  (Rec. doc. 7).  When the date designated in the Court's order had passed and he had not returned the completed forms as directed, a Report and Recommendation was issued recommending that this matter be dismissed without prejudice for failure to prosecute.  (Rec. doc. 8).

While the aforementioned Report and Recommendation was pending, Green submitted to the Court the Congressionally-prescribed form for use in proceedings under §2254 along with an application to proceed *in forma pauperis* ("IFP").  (Rec. docs. 9, 14).  In light of that submission, the Court withdrew the Report and Recommendation and upon receipt of the required filing fee from Petitioner, denied his IFP application as moot.  (Rec. docs. 10, 13).  The Court's standard *habeas* briefing order was then issued.  (Rec. doc. 12).

After obtaining several extensions of time, the State ultimately filed its response herein in which it argued, *inter alia*, that Green's petition is facially insufficient in that it contains no cognizable grounds for *habeas corpus* relief or any operative facts upon which such grounds are based.  (Rec. docs. 21, 23, 25, 26).  Accordingly, by order dated April 7, 2015, Green was again forwarded the prescribed form for use in seeking §2254 relief and was instructed to fully complete said form and to return it to the Court by May 6, 2015 under pain of dismissal.  (Rec. doc. 31).  A copy of the Court's order and the accompanying *habeas* form was mailed to Petitioner at his address of record and has not been returned as undeliverable.  Unfortunately, as of today's date the Court has not received a properly-

completed *habeas* petition from Green, nor has the Court received any communication from him indicating that he was unable to complete the form for reasons beyond his control.

Pursuant to Rule 2(c) of the Habeas Rules, a petition under §2254 <u>must</u>:  1) specify all the grounds of relief available to the petitioner; 2) state the facts supporting each ground; 3) state the relief requested; 4) be printed, typewritten, or legibly handwritten; and 5) be signed under penalty of perjury by the petitioner.  Rule 2(d) of the Habeas Rules further provides that the petition must substantially follow either the form appended to the Rules or that prescribed by local rule.

A review of the form petition that Green previously "completed" and submitted in this matter reveals that it falls woefully short of complying with the requirements of Rule 2(c).  (Rec. doc. 9).  In answer to question No. 12 on the form where Green was directed to list all grounds for relief as well as all facts supporting those grounds, he simply wrote "N/A," presumably a reference to "not applicable."  (*Id.* at pp. 5-15).  In the space designated for the facts supporting Green's second claim for relief he wrote " copy of court ruling attached" but no such ruling was appended to his petition.  (*Id.* at p. 7).  In short, the petition that was submitted by Green fails to provide the Court or the respondent with fair notice of the grounds upon which it rests.

A *habeas* petitioner must specify in his petition all grounds upon which he is seeking relief.  *Baham v. Allen Correctional Center*, No. 07-CV-4075, 2009 WL 3148757 at *4 (E.D. La. Sept. 30, 2009).  By its plain terms, Rule 2(c) of the Habeas Rules mandates that a petition under §2254 also state the underlying facts supporting each of those grounds.  Congress has prescribed the proper form for seeking federal *habeas corpus* relief and the use of such forms is required.  *See Propes v. Quarterman*, 573 F.3d 225, 231 (5th Cir. 2009),

*cert. denied*, 560 U.S. 907, 130 S.Ct. 3272 (2010)(citing Advisory Committee Notes to Rule 2, Subdiv. "c," of the Rules Governing Section 2254 Cases in the United States District Courts). Even a petition that generally refers a reader to various state court records, *Adams v. Armontrout*, 897 F.2d 332, 333 (8th Cir. 1990), or one that simply incorporates by reference all grounds raised in attached exhibits is insufficient. *Phillips v. Dormire*, No. 04-CV-1483, 2006 WL 744387 at *1-2 (E.D. Mo. Mar. 20, 2006). It is neither required nor appropriate for a court to scour a state-court record to divine the issues that a petitioner is attempting to raise in his petition. *Baham*, 2009 WL 3148757 at *4. In order to substantially comply with Rule 2(c), a petitioner's grounds for federal *habeas corpus* relief, as well as the facts supporting those grounds, must be apparent from the face of the petition alone. *Adams*, 897 F.2d at 334.

Despite now having been provided with two opportunities to alert the Court and the Respondent of both the grounds upon which he seeks §2254 relief, as well as the facts supporting those grounds, Green's filings fail to satisfy the heightened pleading requirements imposed on *habeas* petitioners. *McFarland v. Scott*, 512 U.S. 849, 856, 114 S.Ct. 2568, 2572 (1994). Accordingly, it will be recommended that this matter be dismissed without prejudice. *Adams*, 897 F.2d at 333.

## **RECOMMENDATION**

For the foregoing reasons it is recommended that the application for federal *habeas corpus* relief of Alvin Green be **dismissed without prejudice**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within

4

fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 13th day of May, 2015.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE